*Morton* (Att. Gen.) and *Davis* (Sol. Gen.) for the commonwealth.

Common-
wealth
*v.*
Clapp.

---

## COMMONWEALTH *versus* THOMAS W. HOOPER.

A signboard erected at a person's place of business, giving notice that lottery tickets are for sale there, is an advertisement, within the meaning of *St.* 1825 *c.* 184. [2]

Such a signboard erected before the passing of that statute, if continued up afterwards, is a new advertisement, by which the penalty of the statute is incurred.

In an information upon that statute, for advertising lottery tickets, it is not necessary to allege by name, nor, on the trial, to prove by name, what kind of lottery tickets the defendant advertised, nor, that they were advertised as being for sale within the county in which the information is filed. [3]

An information founded upon a single statute, is not vitiated by concluding *contra formam statutorum.*

THIS was an information filed in the Municipal Court, upon *St.* 1825, *c.* 184, which prohibits advertising lottery tickets for sale. [See *p.* 41.]

The defendant having been convicted in this Court, moved for a new trial, *first,* because the chief justice charged the jury, that any written or printed paper, or painted board, at the defendant's place of business, giving notice that lottery tickets were for sale, was an advertisement within the meaning of the statute. *S. D. Parker,* of counsel for the defendant, now contended that *advertisement,* in our statutes, has a technical meaning, being used only with reference to advertisements in newspapers. *St.* 1817, *c.* 190, § 10.

*Secondly,* because the jury were instructed, that an old permanent signboard, giving notice that lottery tickets were for sale, erected before the passing of *St.* 1825, *c.* 184, if continued up after the passing of that act, was a new

---

[2] See Revised Stat. *c.* 132, § 4.

[3] See *State* v. *Follet,* 6 N. Hamp. R. 54.

advertisement every day, and rendered the defendant liable to the penalty of the statute.

*Thirdly,* because they were instructed that it was not necessary to allege by name in the information, nor to prove by name on the trial, what kind of lottery tickets the defendant advertised for sale. See *Rex* v. *Trelawney,* 1 T. R. 222. To this it was answered by the counsel for the government, that if the tickets advertised were tickets in an authorized lottery, the burden was on the defendant to show that fact in his defence.

The defendant likewise moved in arrest of judgment, *first,* because only the *St.* 1825, *c.* 184, gives the Municipal Court jurisdiction of the subject matter of this information, and yet the information alleges the supposed offence to have been committed against the form of the *several statutes* in such case made and provided. See *St.* 1817, *c.* 191; *St.* 1822, *c.* 90; 1 Chit. Crim. Law, 292; Metcalf's Yelv. 116. In answer to this objection it was said, that the Municipal Court had jurisdiction of the case as well by *St.* 1812, *c.* 133, as by the statute of 1825; and further, that the Court would refer the conclusion *contra formam statutorum* to the statute which might be applicable. 2 Hawk. *c.* 25, § 117.

*Secondly,* because the information does not allege that the tickets were advertised to be sold in Boston, or in the county of Suffolk, and because it does not state by name the kind of lottery tickets, nor in what lottery they were issued or were made. See 1 T. R. 222.

*Morton,* (Att. Gen.) and *Davis* (Sol. Gen.) for the commonwealth.

All the foregoing objections were overruled at this term, except the one respecting the conclusion *contra formam statutorum;* and at March term 1828, that likewise was disallowed, the chief justice observing, that although the information was founded upon one statute only, it did not follow that the conclusion was fatal; that they were not bound by authorities on the point, the decisions being contradictory, and they were not inclined to favor the objection.[1]

---

[1] See Revised Stat. *c.* 137, § 14; *People* v. *Walbridge,* 6 Cowen, 512; 1 Chitty on Crim. Law, (3d Amer. ed.) 290, n. (74); But see *State* v. *Cassel* 2 Harr. & Gill, 407; 1 Chitty on Crim. Law, (3d Amer. ed.) 292.